**FRANKLIN, Plaintiff-Appellant, v. SCHREYER, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6182.   Decided November 3, 1959.

Lane, Huggard & Alton, Jack R. Alton, of Counsel, Columbus, for plaintiff-appellant.

Butler, Addison, Smith & Carmack, Ralph G. Smith, of Counsel, Columbus, for defendant-appellee.

**OPINION**

By BRYANT, PJ.

This proceeding was instituted in the court below with the filing of a petition seeking $50,000 for compensatory and punitive damages from Loretta Schreyer, defendant-appellee in favor of Margaret Franklin, plaintiff-appellant, because of the alleged alienation of affections of the husband of Mrs. Franklin by Loretta Schreyer. The matter came on for hearing upon the answer and reply and a jury being impaneled, the court directed a verdict in favor of the defendant.

It was from the entry journalizing the directed verdict dismissing the petition and rendering judgment in favor of defendant, that plaintiff-appellant filed a notice of appeal both on questions of law and also on questions of law and fact.

The question now before the court arises upon the motion filed by the defendant-appellee to dismiss the appeal on questions of law and fact for the reason that plaintiff-appellant has failed to file a bond as required by §2505.06 R. C.  With the motion was a memorandum in support thereof and proof of service upon opposing counsel. Although the period of time allowed for the filing of an answer brief long since has expired, no such brief has been filed by plaintiff-appellant.

We are unable to find any evidence that plaintiff-appellant has complied with the mandatory requirements of §2505.06 supra, R. C., as to furnishing of a bond, but even if such bond had been filed, the motion would still have to be sustained for the reason that §2501.02 R. C., sets forth the ten classes of cases in which appeals on questions of law and fact are permitted and denies the right to such appeal unless a case falls within one of those classes with the result that we are

required to hold that an action for a money judgment for damages arising from alleged alienation of affections is not such a case as to be entitled to an appeal on questions of law and fact. The motion to dismiss will therefore be sustained.

As we have noted, this was a hybrid or double appeal and nothing which is said here is intended in any way to affect the appeal on questions of law.

It would seem under the circumstances unnecessary to make the order provided with reference to Rule V. D. of the Rules of the Courts of Appeals. However, if such order is necessary, thirty days from the date of the announcement of this decision is fixed as the time allowed under such rule.

DUFFY, J, concurs.
MILLER, J, not participating.